UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

Worcester ss                                                                    US District Court
                                                                                Docket No.

JV Discount Store,
                                  )
        *Plaintiff*               )
                                  )
        VS                        )
                                  )
USDA Food and                     )
Nutrition Service                 )
                                  )
        *Defendant*               )
_____)

## Complaint

1. JV Discount Store is a Corporation doing business as a small food and convenience store owned and operated by Jeet Kaur Mann at 405 Main Street, Fitchburg, Massachusetts.

2. The Defendant is the United States Department of Agriculture's Food and Nutrition Service.

3. Based on USDA Field Office analysis of Electronic Benefits Transfer (EBT) transactions conducted by the plaintiff between February and April 2009, on June 25 defendant USDA Food and Nutrition Service charged Plaintiff JV Discount with Trafficking as defined by Federal regulations at CFR § 271.2.

4. Following timely appeal by Plaintiff to reverse or modify the determination, and to vacate Defendant's decision to permanently disqualify Plaintiff JV Discount from participation in the Supplemental Nutrition Assistance Program (SNAP), the government's determination was upheld and the Defendants were notified on January 25, 2010.

- 2 -

5. According to Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. 2023) and to the regulations at 7 CFR § 279.7, Plaintiff is hereby exercising the right to a judicial review of this determination.

## ARGUMENT

6. All charges brought by the Defendant were based on an analysis of numerical data independent of any witnessed violation. This data was gathered over a period of roughly 90 days between February and April 2009, and were culled from thousands of entries.

7. **Charge 1** listed 179 transactions that ended with either .00 (25 transactions) .30 (23 transactions) or .99 (131 transactions). Plaintiff asserts that a sale ending with a .00 or a .30 scattered among total sales amounts to one each of these two amounts every three days, hardly remarkable. As to the 131 .99 endings, any cursory examination of convenience store pricing will reveal the popularity of ".99" on multiple items.

8. **Charge 2** suggests that 19 transactions sets were made "too rapidly to be credible". Plaintiff asserts that "too rapidly" is not based on any tables for speed of data entry, that without actual evidence that such entries could not have been made in that time period, this charge remains a supposition.

9. **Charge 3** suggests that multiple withdrawals were made from individual benefit accounts in a unusually short time frames ranging from 1 second to just under 24 hours. 57 accounts exhibited this activity. Plaintiff asserts that in a three-month period in a busy convenience store it is not unusual once every day or two for a financially naive recipient to forget items and simply decide go back and get more. This is not good sense, but in no way illegal. Large combined amounts could be a family without a car stocking up on heavy staples such as rice and returning for additional items.

10. **Charge 4** suggests that in a series of transactions the majority or all of individual recipient benefits were exhausted in an unusually short period of time. Plaintiff responds again that less than one customer a day spending more than usual for special or family event would easily account for the 64 transactions. Recipients have both freezers and pantries to store their occasional surplus.

- 3 -

11. **Charge 5** suggests a series of 413 excessively large purchase transactions ($36.00 or more) with 65 being $150.00 or more. Plaintiff responds that current census figures indicate a 10% or more Hispanic population, which make up a large part of Plaintiff's clientele. As the Defendant has documented the most expensive item in the store is the $30 large bag of rice which, for a large Hispanic family, is a staple used three meals a day. A large purchase every day or so, plus some ordinary hungry households buying their bag and a few other items is nothing unusual.

## CONCLUSION

12. Plaintiff asserts the nature of a busy convenience store makes it subject to patronage by those least able to exercise reasonable financial judgment when making purchases of any kind at all. If a customer were to purchase five bags of rice for resale to relatives, there would be no way to determine his plans, nor can Plaintiffs ask what their customers intentions are as this would be an invasion of privacy.

13. Plaintiff asserts that being permanently disqualified from the SNAP program would not only cause irreparable financial losses to their enterprise, it would deprive the local population of a reputable source of many necessities which they have come to rely and depend on.

14. Plaintiff further asserts they have instituted a total compliance protocol, made absolutely clear to any employees, so as to avoid any further appearance of "trafficking" in the data collected by appropriate government authorities.

15. Plaintiffs pray this honorable Court will recognize the difference between less than perfect management and occasional faulty transactions as evidence of inadvertent error and a less than sophisticated clientele rather than a premeditated scheme to defraud the SNAP program  Ignorance of the law is no excuse, but occasional ignorance on the part of both the Plaintiff and their customers is not a criminal act. Furthermore, weaving an entire case from imputations drawn from number patterns simply carries far less weight than observable evidence of wrongdoing, of which there was none, and provides a reasonable basis for vacating the Defendant's determination.

WHEREFORE the Plaintiff prays that the Honorable Judge award damages as it finds fair and reasonable, and that the qualification into the program (SNAP) be re-instated forthwith and retroactively as is proper.

Respectfully submitted,

John A. Aliperta, Esquire
For Jeet Maan
Aliperta Law Offices, PC
PO Box 300
Woburn, MA 01801

Tel: 781-756-1800

File/JVDiscount